ALEXANDER M. BIDDLE v. RICHARD A. FRAZIER.

A commission to take depositions of witnesses not within the State, cannot be executed by taking them in the State.

An action will lie at the suit of a father-in-law against a son-in-law—for necessaries furnished his wife and children, without an express promise to pay for them, if he has turned his wife out of his house without sufficient cause, or by cruelty or ill treatment, has compelled her to leave it.

ACTION of assumpsit by Alexander M. Biddle against Richard A. Frazier for the support and maintenance of his wife and two children for a period of six years. The defendant had married the daughter of the plaintiff and had taken her to reside with him on his farm in Maryland, where their two children, a son and a daughter, were born. About six years after the birth of the son, the eldest of the children, the defendant sent the mother and children in a carriage to the plaintiff's residence in this State, and had never been there in the mean while to see them, nor done any thing for their support or maintenance, and who had lived ever since in the family of the plaintiff; and been maintained and educated by him. The defendant desired the children to return and live with him, but he did not send for their mother, and the children would not go with-

out her.   His residence was very comfortable and his farm a good one, and he was abundantly able to provide for them.

*G. B. Rodney, for the Plaintiff*, offered in evidence a commission issued to Peter B. Vandever, a citizen of the State, to take the depositions of certain witnesses residing out of it, but with their depositions annexed to it, taken before him in his office in the town of New Castle.

*T. F. Bayard, for the Defendant*, objected to the admissibility of the commission and depositions offered, first, because he had not been notified, as required by the rule of the court, that publication of the commission had been made by the court, and had no knowledge of that fact, until the commission had been produced here to-day on the trial; secondly, because on the filing of the interrogatories of the plaintiff, he filed written exceptions to them pursuant to the rule, which were duly heard before Judge Wales in vacation, on due notice thereof given by him, and upon which hearing on Saturday, the 21st day of April, certain of the exceptions filed by him were sustained and allowed by the Judge, and on Monday following, April 23rd, he returned the same with his ruling and decision therein into the office of the Prothonotary, and the same day by the direction of the counsel for the plaintiff, the commission to take the depositions of the witnesses was issued without his knowledge and consent, and without any time or opportunity on his part to file cross interrogatories to them, which he had desired and intended to do after the exceptions taken by him to them had been heard and determined; and thirdly, because, although the witnesses whose depositions had been taken, resided out of the State, it appeared by the return of the commissioner, that they were examined as witnesses in the State and their depositions were taken by him in the State and in his office in this very town.   That certainly was not warranted by either the letter, or the spirit and meaning of the clause in the constitution, which provides for and authorizes this

method of procuring evidence from places not within the limits of the State.

*The Court* ruled out the depositions on the last exception, solely, as the commission to take the depositions of such witnesses had not been executed in accordance with the evident design and object of the special provision of the constitution in such cases.

*G. B. Rodney, for the plaintiff.* Whenever a man sent his wife from his house, he sent her upon his credit, and he was under an implied legal obligation to pay any and every one who supplied her with necessaries ; but if she left him without cause and without his consent, it was otherwise, and he would not be liable. The case before the court, was distinguishable from the case of *Cantine v. Phillips' Admr*, 5 *Harr.* 428. 1 *Com. on Contr.* 189. In the case of *Hodges v. Hodges.* 1 *Com. on Contr.* 189. 1 *Esp. Rep.* 441, which was an action of assumpsit brought by the plaintiff, who was a son of the defendant, to recover for the board and lodging of his mother, the defendant's wife, the facts were that the wife had been compelled to leave her husband's house in consequence of gross ill-treatment and cruelty. Evidence was given to that effect ; but it appeared that she had voluntarily left the defendant's house, though it proceeded from an apprehension of ill-treatment and barbarity. It was contended for the defendant, that though in case the husband turns the wife out of doors, he sends with her credit for necessaries, the rule of law did not apply where she voluntarily quitted it. But Lord Kenyon C. J. in announcing the opinion of the court said " That where a wife's situation in her husband's house was rendered unsafe from his cruelty or ill treatment, he should hold it to be equivalent to a turning her out of the house, and that the husband should be liable for necessaries furnished to her under such circumstances."

*T. F. Bayard, for the defendant.* He might have submitted a motion for a nonsuit on the conclusion of the testi-

mony for the plaintiff, but he preferred to let the case go to
the jury.   This was an action by a father-in-law against a
son-in-law, for the support and maintenance of the wife
and children of the latter by the former upon an implied
assumpsit merely of the latter to pay the former for it.
No actual or express promise to pay had been proved, or
even attempted to be proved in the case.  On the contrary,
all the facts and circumstances in evidence, directly nega-
tived the idea of any such promise, or assumption even, on
the part of the defendant.  The wife and children of the de-
fendant had been in the family of the plaintiff ever since they
left his own residence, without any wish or procurement
on his part, and it was now well settled that as between
such near relations, and for such support and maintenance,
an action will not lie without proof of an actual and express
promise to pay for them. *Add. on Contr.* 429, 430. *Mariner v.
Collins,* 5 *Harr.* 290.  *Cantine v. Phillips' Admr.* 5 *Harr.* 428.
A husband is bound to provide for his wife necessaries
suitable to her condition so long as she cohabits with him;
but if she leaves his house and home without cause, it was
otherwise, for he was not then liable for necessaries fur-
nished her. *Reeves' Dom. Rela.* 160.  And what will con-
stitute sufficient cause to warrant a wife in leaving her
husband, so as to render him liable for necessaries supplied
her after her separation from him, he said would be
found very fully stated in *Kemp v. Downham,* 5 *Harr.* 417.
*Fredd v. Eves,* 4 *Harr.* 385.  *Mandy v. Scott,* 2 *Smith's Ld.
Ca.* 287 *b. in note.*

*Rodney.*   If it appeared from the evidence that the
defendant's wife was actually compelled to leave him by
his treatment of her, or if he did not actually send her
away, he provided the means and actually directed her
to leave, and she left to avoid a rupture and an actual
collision with him, then he was under an implied obli-
gation to provide her with necessaries suitable to her con-
dition, and to pay any who furnished them, whether a near
relation, or not, and all the cases cited clearly established
such to be the law.   It was not a case such as had been

cited on the other side, of gratuitous services, or friendly ministrations and mere kindness and hospitality among near relations, and in which the law very wisely will not presume any legal obligation or liability to pay for such favors without proof of an actual promise to do so. But the case stood upon an entirely different ground; for when a husband by his ill treatment, constrained his wife to leave him, the right to recover for necessaries furnished her, did not, and never did, depend on any express promise or contract to pay for them, but rather upon his legal duty and obligation and the liability which the law imposed upon him to maintain her; and, therefore, no express promise was necessary in such a case to maintain the action.

*The Court, Gilpin, C. J., charged the jury.* The plaintiff alleges that the defendant turned his wife and two children out of his house and sent them to his, where he has had to maintain them at his own expense for about six years past, and the action is brought to recover a reasonable and just compensation for that expense, from the defendant who he alleges is bound to maintain them and to pay him for it. The counsel for the plaintiff admits the principle of law which has been so often recognized and ruled in this court, that as between near relations, the law will not in general, imply a promise to pay for such necessaries as had been spoken of in this case, and that without proof of an express promise to pay for them, no action at law will lie to recover for them as between such relations; but he contends that the present case does not fall within that principle and ruling, because if the defendant sent his wife and children to the plaintiff, her father, who had in the meanwhile supported and maintained them, he would be liable and bound in law to pay the plaintiff for all the necessaries he had so furnished, without any actual or express promise by the defendant to pay him for them. In this aspect and in this peculiar feature of it, the case is distinguishable in that respect, at least, from any other case which has yet come before the court in connection with that principle. It was not, however, the mere sending of his wife and chil-

dren to her father's and leaving them even for such a length of time, that would be sufficient to render the defendant liable in law to the plaintiff for the necessaries furnished, without proof of an express promise by him to pay for them; but if he had turned her out of his house without sufficient cause, or had compelled her by cruelty, or ill treatment to leave his house with her little children, or if he rendered her situation under his roof unsafe by reason of cruelty and ill treatment, or if she had reasonable grounds to apprehend personal violence at his hands, and was thus constrained to leave his house, in either of such cases the law would give her authority to pledge his credit for her necessary supplies and the supplies of their children, and under such circumstances the law imposes upon him the obligation to pay the debts which she has incurred for necessaries, and in such case, the plaintiff would be entitled to recover whatever the jury might consider it would reasonably cost to support and maintain the wife and children during the time they had lived with the plaintiff. But before the jury will be justified in finding a verdict against the defendant, they must be fully satisfied from the evidence, either that he actually turned her out of his house without sufficient cause, or compelled her by cruelty or ill-treatment to leave his house, ill-treatment or cruelty such as to afford her reasonable grounds to apprehend personal violence at his hands, or such as to render her situation unsafe to remain under his roof. Mere disagreement, or incompatibility of taste, temper, or dispositions, or mere quarreling, jealousy or discontent with her situation, will not be sufficient. There was no evidence before them of cruelty, or personal violence, nor any thing showing that she had reasonable grounds for apprehending personal violence at his hands. Did he turn her out of his house in the sense in which those terms are used in the law? If he did, then the plaintiff would be entitled to recover, but if not, then their verdict should be for the defendant.